UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMIL SHARIF | * | CIVIL ACTION |
| VERSUS | * | NO: 09-6228 |
| NEW ORLEANS METROPOLITAN CONVENTION & VISITORS BUREAU, INC., ET AL | * | SECTION: "D"(1) |

### ORDER AND REASONS

Before the court is the **"Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Doc. No. 5)** filed by Defendant, the New Orleans Metropolitan Convention & Visitors Bureaus, Inc. (NOMCVB). Plaintiff, Jamil Sharif, filed a memorandum in opposition. The motion, set for hearing on Wednesday, January 27, 2010, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the NOMCVB's motion, treated as a motion for summary judgment, should be granted.

### I. Background

**A. *Sharif I* (against NOMCVB and Jazzercise, Inc.)**

Plaintiff previously filed in this court another lawsuit,

*Sharif v. New Orleans Metropolitan Convention & Visitors Bureau, Inc. and Jazzercise, Inc.* No. 08-4891 (*Sharif I*). In that lawsuit, Plaintiff alleged that he "is a musician, actor, performer and musical educator and derives his income from said endeavors." (*Sharif I*, Complaint at ¶12). He further alleged that the NOMCVB placed a photograph of Plaintiff on its internet website and "granted permission to other parties including defendant Jazzercise to use Plaintiff's image" and that "on or about early **October, 2007** Plaintiff became aware that Defendant Jazzercise was using Plaintiff's image of their website promoting their July 2008 New Orleans Convention." (*Id*. at ¶7 & ¶13, emphasis added). Plaintiff also alleged that:

> on or about **November, 2007** Plaintiff found his photo on NOMCVB's website. NOMCVB was granting permission to others including Defendant Jazzercise, to download and use Plaintiff' image, all without authorization and payment to the Plaintiff and thereby have been engaging in unfair trade practices and unfair competition against Plaintiff to Plaintiff's irreparable harm. Plaintiff's photo remained on NOMCVB's website for downloading until early 2008.

(Complaint at ¶14, emphasis added).

Plaintiff filed *Sharif I* on **November 13, 2008.** Plaintiff sued both the NOMCVB and Jazzercise asserting federal claims under the Lanham Act, 15 U.S.C. §§1051 *et seq*., for unfair trade practices, unfair competition and misappropriation (Complaint at

2

¶¶), and state law claims for unjust enrichment, unfair competition and misappropriation (Complaint at ¶¶21-23).

This court ultimately found that Plaintiff's claims were not timely filed and granted both Defendants' motions for summary judgment.[1] (Docket No. 08-4891, Doc. No. 20).

## B. *Sharif II* (against NOMCVB and Decatur Hotels, LLC)

In his instant Complaint, Plaintiff alleges that Defendant NOMCVB has used Plaintiff's image on its Internet website and has granted permission to other parties including Defendant Decatur Hotels, LLC, to use Plaintiff's image. (*Sharif II*, Complaint at ¶7 and Ex. A, image of Plaintiff playing a trumpet). Plaintiff further alleges that Defendant Decatur Hotels, LLC downloaded a copy of Plaintiff's image from Defendant NOMCVB's website and used Plaintiff's image in advertisements to promote its hotels. (*Id*. at 8).

In this Complaint, Plaintiff sets forth no dates as to when he found his image on NOMCVB's website, but he claims that "on or about early April 11, 2009 Plaintiff became aware that Defendant Hotels was using Plaintiff's image in an advertisement of their

---

[1] In its motion, Defendant NOMCVB pointed out that, in letters dated October 29, 2007 and November 5, 2007, Plaintiff's attorney informed NOMCVB that Plaintiff found pictures of himself on NOMCVB's website that he wished NOMCVB would remove. The filing of Plaintiff's Complaint (*Sharif I*) on November 13, 2008 was over a year from either the October 29, 2007 or November 5, 2007 dates on the letters from Plaintiff's attorney.

services...." (*Id*. at ¶13). Plaintiff further alleges that:

> On or about June 3, 2009 Defendant Hotel informed Plaintiff via letter (Exhibit "C") that Hotels had used Plaintiff's image in an extensive advertising campaign as set forth:
>
> 1. LA Film & Video Magazine Monthly 6/2007 - 12/08
>
> 2. Parade of Homes - St. Tammany 4/07 & 4/08
>
> 3. Riverside Reader Baton Rouge 9/07 — 4/08 weekly
>
> 4. New Orleans Bowl Attendee Program 12/08
>
> This was Plaintiff's first knowledge of said above-mentioned usage of his image by Hotels.

(*Id*. at ¶ 14). Plaintiff filed *Sharif II* on September 10, 2009.

Plaintiff sues both the NOMCVB and Decatur Hotels, LLC, asserting federal claims under the Lanham Act, 15 U.S.C. §§1051 *et seq*., for unfair trade practices and unfair competition (*id*. at ¶¶10-20), and state law claims for unjust enrichment and misappropriation (*id*. at ¶¶21-23). In NOMCVB's motion now before the court, NOMCVB argues that Plaintiff's claims are barred both by the doctrine of *res judicata* (per the court's ruling and Judgment in *Sharif I*) and by the limitations period applicable to each claim.

## II. Legal Analysis

The NOMCVB attached to its instant motion the Affidavit of Steve Moeller, the Vice President for Finance and Administration

4

for the NOMCVB.  (*See* Moeller Affidavit, Doc. No. 5-6).  Mr. Moeller attests in part that:

> (3)  NOMCVB occasionally contracts with professional photographers to capture images that embody the culture of New Orleans in order to display those images on its website.
>
> (4)  In 1999, a photographer hired by NOMCVB to take pictures representative of New Orleans culture photographed performers at a Bourbon Street night club, including plaintiff, Mr. Sharif.
>
> (5)  In 2002, NOMCVB placed Mr. Sharif's photograph, along with hundreds of others, on its website.
>
> (6)  NOMCVB's website contains a "Photo Use Policy," attached hereto as Exhibit "A," which prohibits the use of images on its website for commercial or advertising purposes.
>
> (7)  In a letter dated October 29, 2007, attached hereto as Exhibit "B", Mr. Sharif's attorney informed NOMCVB that Mr. Sharif had noticed his image on NOMCVB's website and wished to have his image removed from NOMCVB's website, whereupon NOMCVB immediately complied with his request.
>
> (8)  In a letter dated November 5, 2007, attached hereto as Exhibit "C", Mr. Sharif's attorney informed NOMCVB that he found another picture on NOMCVB's website that he wished to have NOMCVB remove it. NOMCVB again complied.

(*Id*., and Exhibits A, B & C attached thereto).

The court concludes that Mr. Sharif became aware of his image

5

on NOMCVB's website on later than on November 5, 2007, and despite Decatur Hotels' alleged subsequent use of Mr. Sharif's image, Plaintiff's instant claims against NOMCVB are untimely. Plaintiff did not file the instant suit until September 9, 2009, and all of Plaintiff's claims, like Plaintiff's claims asserted in *Sharif I*, have a one-year time bar (from November 5, 2007). (*See Sharif I*, No. 08-4891, Order and Reasons, Doc. No. 20, pp. 3-5, discussing one-year prescriptive periods for Plaintiff's claim under the Lanham Act, and state law claims for unfair trade practices and unfair competition, unjust enrichment and misappropriation).

Accordingly;

**IT IS ORDERED** that the **"Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (Doc. No. 5)** filed by Defendant, the New Orleans Metropolitan Convention & Visitors Bureaus, Inc., and treated as a **Motion for Summary Judgment** be and is hereby **GRANTED**, dismissing Plaintiff's claims against the New Orleans Metropolitan Convention & Visitors Bureaus, Inc.

New Orleans, Louisiana, this **27th** day of **January**, **2010**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE